**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BETTY ANN DOLENTI,<br>                    Plaintiff<br><br>        v.<br><br>DE LAGE LANDEN FINANCIAL SERVICES, INC.<br>and RAYMOUND CEASER<br>                    Defendants | CIVIL ACTION<br><br>No: 2:25-cv-3260 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, De Lage Landen Financial Services, Inc. ("**DLL**") and Raymound Ceaser ("**Ceaser**" and together with DLL collectively referred to as "**Defendants**"), through their attorneys, Semanoff Ormsby Greenberg & Torchia, LLC, hereby file their Answer and Affirmative Defenses to the First Amended Complaint ("**Complaint**") and in support thereof, aver as follows:

1.      Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, it is denied that Defendants violated the Age Discrimination in Employment Act ("**ADEA**"), the Americans with Disabilities Act ("**ADA**"), the Family and Medical Leave Act ("**FMLA**") or the Pennsylvania Human Relations Act ("**PHRA**").

**JURISDICTION AND VENUE**

2.      Denied. This paragraph contains legal conclusions to which no response is required.

3.      Denied. This paragraph contains legal conclusions to which no response is required.

4.      Denied. This paragraph contains legal conclusions to which no response is required.

5.      Admitted in part, denied in part. It is admitted that Plaintiff filed a Charge of Discrimination and retaliation with the EEOC which Charge was dual-filed with the PHRC and that Plaintiff filed this lawsuit within ninety (90) days of receiving a Dismissal and Notice of Rights letter from the EEOC. The remaining allegations of this paragraph are denied as they contain legal conclusions to which no response is required.

## PARTIES

6.      Defendants incorporate each preceding paragraph of their answer as if set forth at length herein.

7.      Admitted.

8.      Admitted.

9.      Admitted in part, denied in part. It is admitted that Ceaser has the title of Manager, Portfolio Management. The remaining allegations are denied. By way of further response, while Ceaser has some decision making responsibility with regard to his direct reports, overall hiring, firing, discipline, compensation and other business operations also include Human Resources and other managers at DLL.

10.      Denied. This paragraph contains legal conclusions to which no response is required.

## STATEMENT OF FACTS

11.      Defendants incorporate each preceding paragraph of their Answer as if set forth at length herein.

4924-8992-0123, v. 1

12.     Admitted except that Plaintiff was transferred in February 2023 to the role of Inbound Collections Specialist, not Inbound Collections.

13.     Admitted in part, denied in part. It is admitted that Plaintiff was employed by DLL for approximately 23 years until her termination on September 24, 2024. It is denied that Plaintiff was unlawfully terminated.

14.     Admitted.

15.     Denied.

## -Alleged Age Discrimination-

16.     Admitted in part, denied in part. It is admitted that Plaintiff was 60 years old at the time of her termination. It is denied Plaintiff is currently 60 years of age. It is also denied that Plaintiff was one of the oldest employees in DLL's Wayne location.

17.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, the allegations in this paragraph are denied. To the contrary, Ceaser treated and continues to treat all employees the same, regardless of age or any other protected class. It is further denied that Plaintiff "exhibited clear hostility and animosity toward Plaintiff and/or other older employees." In fact, Ceaser is 56 years of age.

  a.     Denied.

  b.     Denied.

  c.     Denied.

  d.     Denied.

  e.     Denied.

  f.     Admitted that Ceaser issued Plaintiff a poor performance appraisal in 2023. The remaining allegations are denied.

18.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied. By way of further response, Plaintiff was placed on a Performance Improvement Plan (the **"PIP"**) on February 16, 2024. On February 28, 2024, **after** being placed on the PIP, Plaintiff contacted Employee Relations claiming she was being discriminated against by Ceaser based on her age. This is the first complaint of discrimination made by Plaintiff during her employment with DLL. In addition, DLL's Human Resources Department properly addressed Plaintiff's complaint and found no such conduct occurred by Ceaser.

19.    Admitted in part, denied in part. It is admitted only that in February 2023, Plaintiff was transferred to the role of Inbound Collections Specialist. This transfer was made because Plaintiff was struggling with certain aspects of the Outbound Collections Specialist role as a result of new software, including, among other things, prioritizing tasks. The remaining allegations are denied as conclusions of law to which no response is required. To the extent factual, the remaining allegations are denied.

20.    Denied.

21.    Denied.

22.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied. By way of further response, Plaintiff did not complain of age discrimination until February 28, 2024, shortly after she was placed on the PIP and approximately one year after she was transferred to the role of Inbound Collections Specialist.

23.    Denied. By way of further response, Terrance Coffin (**"Coffin"**) has not been part of the Inbound Collections team since the end of 2017, more than five (5) years prior to Plaintiff joining the Inbound Collections team.

4

24.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, while Plaintiff requested to transfer back to an Outbound Collectors role, there were no positions available in that role. The remaining allegations in this paragraph are denied.

25.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied. By way of further response, Dragon was a fairly new collections management tool, and there were necessary updates and adjustments made throughout implementation. However, both inbound and outbound collectors were able to work through the necessary updates and adjustments.

26.    Denied. Small Ticket Collection & Recovery members are instructed to raise any technical (telephone and system software) issues to management, and management would work to resolve the issue. Accordingly, Ceaser addressed any and all issues brought to his attention by Plaintiff as well as other members of his team. By way of further response, all inbound members are assigned to the same inbound phone queue. If members assigned to the phone queue are unable to answer incoming calls, then the members are expected to work and complete incoming emails (cases). Plaintiff consistently had the lowest volume of emails (cases) worked compared to the rest of the inbound members.

27.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

28.    Denied.

29.    Denied.

4924-8992-0123, v. 1

30.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied. By way of further response, it was reiterated to Plaintiff on April 5, 2023 that the Inbound Collector role would be permanent.

31.     Denied. To the contrary, there were no open positions available as an Outbound Collector. In addition, Plaintiff was transferred out of the Outbound Collector role because she was struggling with certain aspects of that role. Furthermore, Coffin had not been an Inbound Collections Specialist since 2017.

32.     Denied.

33.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

34.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

35.     Denied.

### -Alleged Disability Discrimination / FMLA Violations-

36.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied as Defendants are without sufficient knowledge or information to form a belief as to whom Plaintiff may have reached out to or what medical conditions she may have had.

37.     Denied as Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of this allegation. By way of further response, Defendants are aware that Plaintiff began leave under the Family and Medical Leave Act (**"FMLA"**) on February 27, 2024.

4924-8992-0123, v. 1

38.     Denied as Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of this allegation. By way of further response, Plaintiff was out of work on approved FMLA leave for the full 12 weeks from February 27, 2024 – May 21, 2024 after which time she was provided a reasonable accommodation under the ADA in the form of a leave of absence through June 14, 2024.

39.     Denied as Defendants are without knowledge or information sufficient to form a belief as to the truth or accuracy of this allegation. By way of further response, Plaintiff was out of work on approved FMLA leave for the full 12 weeks from February 27, 2024 – May 21, 2024 after which time she was provided a reasonable accommodation under the ADA in the form of a leave of absence through June 14, 2024. Upon Plaintiff's return to work, she did not require a reasonable accommodation and was cleared to return without any restrictions.

40.     Denied. To the contrary, on February 28, 2024, **after** being placed on the PIP, Plaintiff left a voicemail message for Emina Machovsky (**"Machovsky"**), an Employee Relations specialist, to report a human resources matter.

41.     Denied. To the contrary, Plaintiff was on an approved FMLA leave for the full 12 weeks from February 27, 2024 – May 21, 2024, after which time she was provided a reasonable accommodation under the ADA in the form of a leave of absence through June 13, 2024.

42.     Denied as stated. Plaintiff and Machovsky had an email exchange on March 1, 2024 and then spoke on the telephone on March 4, 2024. During this telephone call, Plaintiff claimed she was being discriminated against by Ceaser based on her age. This was the first complaint of discrimination made by Plaintiff.

43.     Denied. To the contrary, as a responsible company which does not tolerate discrimination or harassment, DLL routinely requires employees to undergo training on

4924-8992-0123, v. 1

discrimination and harassment. Any training provided to employees was in no way related to Plaintiff's baseless allegations of discrimination.

44.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied as stated. To the contrary, Plaintiff and Machovsky had an email exchange on April 29, 2024 regarding the status of the investigation.

45.    Admitted that Machovsky's April 29, 2024 email to Plaintiff included the quoted language. By way of further response, this email is a writing which speaks for itself and any interpretation of the email is denied.

46.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied as Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff may have been led to believe. By way of further response, Machovsky, in her email, was in no way implying or concluding that Ceaser or any other DLL employee discriminated against Plaintiff. Rather, during her investigation, Machovsky learned that Ceaser's communication style was direct and at times his tone with employees, not just Plaintiff, could be received as condescending. However, this way of communicating was in no way a result of or in any way related to Plaintiff's (or any other employee's) age or any other protected class.

47.    Denied.

48.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, it is admitted that Plaintiff requested that she report to a different manager upon her return from leave, however, this request was not a request for a reasonable accommodation under the ADA. In fact, Plaintiff advised Machovsky that her physician did not recommend any accommodation under the ADA.

4924-8992-0123, v. 1

49.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied. By way of further response, Ceaser did appoint a Team Lead who took the role of coaching Plaintiff and also added a layer between Plaintiff and Ceaser to ease the stress Plaintiff was allegedly suffering. Machovsky also advised Plaintiff that she could apply for another role internally at DLL but Plaintiff never submitted an application for a different role.

50.     Denied. Linda Harvey and Mark Rosenberg co-manage the Small Ticket Early-Stage Collections team within Collection & Recovery. Since Human Resources reviewed Plaintiff's complaint against Ceaser and found the complaint was without merit, the decision was made for Plaintiff to remain with Ceaser as her manager, as it is not common practice to reassign a member to a different manager based on likability or preference. By way of further response, Ceaser did appoint a Team Lead who took the role of coaching Plaintiff and also added a layer between Plaintiff and Ceaser to ease the stress Plaintiff was allegedly suffering.

51.     Admitted in part, denied in part. It is admitted only that DLL began using Salesforce in the middle of 2024. The remaining allegations are denied.

52.     Admitted in part, denied in part. It is admitted that Plaintiff was not released from the PIP. It is denied that Plaintiff's performance issues as detailed in the PIP were a result of phone and system issues.

53.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

54.     Denied as stated. To the contrary, Plaintiff was on an approved FMLA leave for the full 12 weeks from February 27, 2024 – May 21, 2024, after which time she was provided a

reasonable accommodation under the ADA in the form of a leave of absence through June 13, 2024. Plaintiff then returned to work on June 14, 2024.

**-Alleged Retaliation (up to and including termination)-**

55.     Denied as stated. To the contrary, upon return from leave, Plaintiff was provided with a re-acclimation period prior to the PIP going back into effect. This re-acclimation period was from June 17, 2024 – July 12, 2024 during which time Plaintiff received training on and became re-acclimated with various DLL systems and programs. Jordaline Infante (**"Infante"**), Team Lead, assisted with the training.

56.     Admitted.

57.     Denied. To the contrary, Plaintiff failed to meet all of the Expectations in the PIP which was required to successfully complete the PIP. While Plaintiff did improve on the volume of telephone calls and emails handled, there was not sufficient improvement regarding Plaintiff's telephone call management or improvement in assisting DLL's customers during those calls. Plaintiff also continued to put duplicate notes in the system.

58.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

59.     Denied. As a quality assurance measure, managers have always listened to random calls between members and customers.

60.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

61.     Admitted in part, denied in part. It is admitted only that Infante told Plaintiff that Salesforce was new and encouraged her to do her best. The remaining allegations in this

paragraph are denied as they contain legal conclusions to which no response is required. To the extent factual, the remaining allegations are denied.

62.     Admitted in part, denied in part. It is admitted that on September 20, 2024 when reviewing the final PIP Follow up Form with Plaintiff, Ceaser advised Plaintiff she was not successfully completing the PIP. Details of Plaintiff's shortcomings are set forth on the September 20, 2024 PIP Follow up Form and any attempt to characterize them is denied. It is denied Ceaser made vague comments about Plaintiff's calls, such as making duplicate notes and talking over a customer. This is a complete distortion of the facts. Plaintiff was provided with written details of the duplicate notes via email from both Ceaser and Infante in early September 2024. In fact, Plaintiff even acknowledged the duplicate notes in an email on September 5, 2024 stating, "I am sorry for any extra notes and will be more careful going forward to make sure this doesn't happen. My sincere apologies."

63.     Denied.

64.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

65.     Denied.

66.     Denied. To the contrary, Plaintiff was terminated on September 24, 2024 for performance reasons. Plaintiff failed to meet all of the Expectations in the PIP which was required to successfully complete the PIP.

67.      Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

68.     Denied.

11

69.     Admitted in part, denied in part. It is admitted only that Plaintiff, just like all other Small Ticket Collection & Recovery members, received a bonus in 2023 and 2024. It is denied the fact that Plaintiff received a bonus contradicts Defendants' claim that Plaintiff's performance was poor. By way of further response, since Collections and Recovery was implementing Dragon (collections management tool) and establishing its new way of working (NWOW), management agreed to pay members bonuses.

70.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

71.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

72.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

73.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

**COUNT I**
**Alleged Violations of the Age Discrimination in Employment Act ("ADEA")**
**([1] Age Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**
**-Against Defendant DLL Only-**

74.     Defendants incorporate each preceding paragraph of their Answer as if set forth at length herein.

75.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

76.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

4924-8992-0123, v. 1

77.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

78.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied. Plaintiff was terminated on September 24, 2024 for performance reasons. Plaintiff failed to meet all of the Expectations in the PIP which was required to successfully complete the PIP.

79.     Denied.

80.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

81.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

82.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

WHEREFORE, Defendant, De Lage Landen Financial Services, Inc., demands judgment in its favor and against Plaintiff, plus costs, attorneys' fees and any other relief this Court deems just and proper.

**COUNT II**
**Alleged Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual / Perceived Record of Disability Discrimination; [2] Hostile Work Environment;**
**[3] Retaliation; and [4] Failure to Accommodate)**
**-Against Defendant DLL Only-**

83.     Defendants incorporate each preceding paragraph of their Answer as if set forth at length herein.

84.     Denied. This paragraph contains legal conclusions to which no response is required.

4924-8992-0123, v. 1

85.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

86.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied. By way of further response, Plaintiff was out of work on approved FMLA leave for the full 12 weeks from February 27, 2024 – May 21, 2024 after which time she was provided a reasonable accommodation under the ADA in the form of a leave of absence through June 14, 2024. Upon returning to work on June 14, 2024, Plaintiff never requested any accommodation under the ADA nor did she request additional leave for any medical condition.

87.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, it is admitted Plaintiff requested additional leave following the exhaustion of FMLA leave as a reasonable accommodation, which request was granted by DLL. In addition, while Plaintiff requested to transfer back to an Outbound Collectors role, there were no positions available in that role. By way of further response, Machovsky advised Plaintiff that she could apply for another role internally at DLL but Plaintiff never submitted an application for a different role.

88.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied. Plaintiff was terminated on September 24, 2024 for performance reasons. Plaintiff failed to meet all of the Expectations in the PIP which was required to successfully complete the PIP.

89.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

90.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

91.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

92.     Denied. This paragraph contains legal conclusions to which no response is required.

WHEREFORE, Defendant, De Lage Landen Financial Services, Inc., demands judgment in its favor and against Plaintiff, plus costs, attorneys' fees and any other relief this Court deems just and proper.

## COUNT III
### Alleged Violations of the Family and Medical Leave Act ("FMLA")
### (Retaliation & Interference)
### -Against Both Defendants-

93.     Defendants incorporate each preceding paragraph of their Answer as if set forth at length herein.

94.     Denied. This paragraph contains legal conclusions to which no response is required.

95.     Denied. To the contrary, Plaintiff requested FMLA leave from DLL, her employer, and her request was granted.

96.     Denied. To the contrary, Plaintiff had worked at least 1,250 hours in the 12 months immediately preceding her request to take FMLA leave on February 27, 2024.

97.     Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, it is admitted DLL employs 50 or more employees.

4924-8992-0123, v. 1

98.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, Plaintiff was provided with 12 weeks of FMLA leave in 2024 as detailed above.

99.    Denied. To the contrary, Plaintiff took FMLA leave from February 27, 2024 – May 21, 2024 after which time she was provided a reasonable accommodation under the ADA in the form of a leave of absence through June 14, 2024. Plaintiff was terminated on September 24, 2024 for performance reasons. Plaintiff failed to meet all of the Expectations in the PIP which was required to successfully complete the PIP.

100.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

101.    Denied. This paragraph contains legal conclusions to which no response is required.

WHEREFORE, Defendants, De Lage Landen Financial Services, Inc. and Raymound Ceaser, demand judgment in their favor and against Plaintiff, plus costs, attorneys' fees and any other relief this Court deems just and proper.

### COUNT IV
### <u>Alleged Violations of the PHRA</u>
**([1] Age Discrimination; [2] Actual/Perceived/Record of Disability Discrimination;
[3] Failure to Accommodate; [4] Hostile Work Environment; and [5] Retaliation)
-Against DLL Only-**

102.    Defendants incorporate each preceding paragraph of their Answer as if set forth at length herein.

103.    Denied. This paragraph contains legal conclusions to which no response is required.

104.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

105.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

WHEREFORE, Defendants, De Lage Landen Financial Services, Inc. and Raymound Ceaser, demand judgment in their favor and against Plaintiff, plus costs, attorneys' fees and any other relief this Court deems just and proper.

**COUNT V**
**<u>Alleged Violations of the PHRA</u>**
**Aiding and Abetting a Discriminatory, Hostile and Retaliatory Work Environment**
**-Against Ceaser Only-**

106.    Defendants incorporate each preceding paragraph of their Answer as if set forth at length herein.

107.    Denied. This paragraph contains legal conclusions to which no response is required.

108.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

109.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

110.    Denied. This paragraph contains legal conclusions to which no response is required. To the extent factual, denied.

111.    Defendants incorporate each preceding paragraph of their Answer as if set forth at length herein.

WHEREFORE, Defendants, De Lage Landen Financial Services, Inc. and Raymound Ceaser, demand judgment in their favor and against Plaintiff, plus costs, attorneys' fees and any other relief this Court deems just and proper.

## AFFIRMATIVE DEFENSES

112. Defendants incorporate each preceding paragraph of their Answer as if set forth at length herein.

113. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

114. Plaintiff's claims against DLL are barred, in whole or in part, because DLL did not violate the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*

115. Plaintiff's claims against DLL are barred, in whole or in part, because DLL did not violate the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.*

116. Plaintiff's claims against DLL are barred, in whole or in part, because DLL did not violate the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

117. Plaintiff's claims against Ceaser are barred, in whole or in part, because Ceaser did not violate the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*

118. Plaintiff's claims against DLL are barred, in whole or in part, because DLL did not violate the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

119. Plaintiff's claims against Ceaser are barred, in whole or in part, because Ceaser did not violate the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

120. Plaintiff's claims are barred, in whole or in part, because DLL had policies and procedures in place to proactively avoid discrimination and retaliation.

121. Plaintiff's claims are barred, in whole or in part, because all decisions related to Plaintiff were made for legitimate business reasons.

4924-8992-0123, v. 1

122.    Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the recovery of attorneys' fees.

123.    Plaintiff's claims for punitive damages and liquidated damages are barred, in whole or in part, because Defendants' conduct does not warrant an award of such damages.

124.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her damages.

125.    Defendants reserve the right to assert additional Affirmative Defenses if such defenses become known through discovery or otherwise.

WHEREFORE, Defendants De Lage Landen Financial Services, Inc. and Raymound Ceaser respectfully request that this Court deny all relief sought by Plaintiff.

SEMANOFF ORMSBY
GREENBERG & TORCHIA, LLC

BY:    /s/ Michael B. Dubin
MICHAEL B. DUBIN, ESQUIRE
Identification No. 70681
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
mdubin@sogtlaw.com
(215) 887-0200
*Attorneys for Defendants,*
*De Lage Landen Financial Services, Inc. and*
*Raymound Ceaser*

Dated: December 16, 2025

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date indicated below service of a true and correct copy of the attached Answer and Affirmative Defenses to Plaintiff's First Amended Complaint was made via ECF notification upon the following:

Ari R. Karpf, Esquire
KARPF, KARPF & CERUTTI, P.C.
8 Interplex Drive
Suite 210
Feasterville-Trevose, PA 19053
akarpf@karpf-law.com

*/s/ Michael B. Dubin*
Michael B. Dubin

Dated: <u>December 16, 2025</u>

20